

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 15, 1948

Hon. Will R. Wilson, Jr.     Opinion No. V-547
District Attorney
Dallas County     Re: Precinct delegates to
Dallas, Texas         County Democratic Con-
                   vention in Dallas
                   County, Texas.

Dear Mr. Wilson:

Reference is made to your request for an opinion of this office wherein you present the following factual situation:

"The Dallas County Commissioners' Court on August 11, 1947, redistricted the voting precincts of the county, resulting in the creation of twenty one new voting precincts, and, in addition, affecting many old precincts by increasing and decreasing the voting strength of each through change of boundary.

". . . We call your attention to the fact that delegates selected in precincts are accredited at the County Convention which in turn selects delegates to the State Convention assembled for the purpose of electing delegates to the National Convention which in turn is called for the purpose of selecting the presidential nominee and establishing the party's platform. These precinct conventions meet on Saturday, May 1st. The County Convention assembles on Tuesday, May 4th, the State Convention assembles Tuesday, May 25th.

. . .

"Question No. 1. Under the above state of facts how shall the number of delegates from the precincts to the County Convention be determined and alloted among the various precincts including the newly created precincts and those whose

boundaries have been changed?

"Question No. 2. How can the number of votes to which each precinct is entitled at the County Convention be determined including the newly created precincts and those whose boundaries have been changed?"

Article 2933, V. C. S., provides the method for dividing counties into convenient election precincts and each Commissioners' Court may, if deemed proper, at each August term of the court divide their counties into convenient and different election precincts.

The authority for the election of delegates as reflected by your factual situation is found in Article 3167, V. C. S., which provides in substance that any political party desiring to elect delegates to a National Convention shall hold a State Convention at such place as may be designated by the State Executive Committee on the fourth Tuesday in May (May 25, 1948) and every four years thereafter. The delegates to the State Convention shall be composed of delegates from the County Conventions elected on the first Tuesday after the first Saturday in May (May 4, 1948) and the delegates to the County Convention shall be composed of delegates elected at the precinct conventions on the first Saturday in May (May 1, 1948). The statute is silent as to the number of delegates to be elected in each election so held. Being silent, and in the absence of a statute directing the number of delegates to be elected from the various precincts to the County Convention the party is free to follow any method which it may choose in keeping with party usages and customs, so long as it does not pursue a method expressly prohibited by law. Stanford v. Butler, 181 S. W.(2d) 269; Brown v. Darden, 60 S.W.(2d) 261; Kilday v. Germany, 163 S.W.(2d) 184.

A political party is organized for the purpose of effectuating the will of those who constitute its members, and it has the inherent power of determining its own policies. Seay v. Latham, 182 S.W.(2d) 251; Bell v. Hill, 74 S.W.(2d) 113.

It will be observed that in the absence of laws to the contrary, the courts have allowed the poli-

tical parties to determine their own policies insofar as the same are fair, equitable and impartial and represent the will of the party.

Therefore, for the conventions mentioned in Article 3167 (Presidential Conventions) it is our opinion that the number of delegates and the allocation of delegates to be elected at precinct and county conventions in the newly created precincts and those whose boundaries have been changed is for the determination of the Democratic Party of Texas. In the absence of such a determination by the Democratic Party in convention assembled or through its State Democratic Executive Committee, such authority is vested in the County Democratic Executive Committee subject to the approval of the County Democratic Convention.

It should be remembered that the foregoing conclusion applies only to conventions preceding National Presidential Conventions as mentioned in Article 3167. Entirely different statutes control and determine such questions in the case of the conventions commonly known as the "Governor's Conventions" following the nomination primaries as set out in Articles 3134 et seq., V. C. S.

## SUMMARY

The number and allocation of precinct delegates to the county convention who are to be elected at the precinct conventions in newly created precincts and precincts whose boundaries have been changed is a matter for the determination of the Democratic Party of Texas pursuant to the provisions of Article 3167, V. C. S. (Presidential Conventions.)

In the absence of such a determination by the Democratic Party in conventions assembled or through its State Democratic Executive Committee, such authority

Hon. Will R. Wilson, Jr., page 4  (V-547)


     is vested in the County Democratic Executive Committee subject to the approval of the County Democratic Convention.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By        *J. C. Davis, Jr.*
                    J. C. Davis, Jr.
                        Assistant

JCD:BW:mw                     Burnell Waldrep
                                 Assistant


APPROVED:

PRICE DANIEL
ATTORNEY GENERAL